```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF UTAH
```
_____

| | | |
|---|---|---|
| DARRELL WAYNE STUART, | ) | **ORDER DENYING PETITION** |
| | ) | |
| Petitioner, | ) | Case No. 2:10-CV-184 CW |
| | ) | |
| v. | ) | District Judge Clark Waddoups |
| | ) | |
| STATE OF UTAH, | ) | |
| | ) | |
| Respondent. | ) | |

_____

Petitioner, Darrell Wayne Stuart, an inmate at Central Utah Correctional Facility, requests habeas corpus relief.[1] Because Petitioner has filed his petition past the applicable period of limitation, the Court denies his petition.

Petitioner pled guilty to two second-degree-felony counts of sexual abuse of a child, for which he was sentenced to two one-to-fifteen-year terms. His conviction became final on September 7, 2007--the deadline he missed for filing an appeal from his guilty plea. On that date, the one-year period of limitation began running on Petitioner's right to bring a federal habeas petition. Even so, Petitioner waited until March 10, 2010, to file his current petition.

By statute, the one-year period of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the

---

[1] *See* 28 U.S.C.S. § 2254 (2011).

pertinent judgment or claim is pending."[2]  Meanwhile, equitable tolling is also available but "'only in rare and exceptional circumstances.'"[3]

Regarding statutory tolling, after 361 days of the federal period of limitation had ticked away, on September 3, 2008, the period was tolled when Petitioner filed a state post-conviction petition.  It was later dismissed.  Petitioner timely pursued the appeals process, culminating, on December 29, 2009, with the denial of his petition for writ of certiorari with the Utah Supreme Court.  With four days remaining, the one-year period of limitation resumed its march on December 30, 2009, expiring on Monday, January 4, 2010.  By the time Petitioner filed this federal petition on March 10, 2010, he had exceeded the period of limitation by sixty-four days.

Petitioner asserts no grounds for equitable tolling. Indeed, on March 22, 2010, he was first invited by the Court to reply to the State's answer within thirty days of its filing. The answer was filed on June 14, 2010, after which Petitioner submitted a series of requests for extension of time to reply. In its most recent order granting an extension, the Court stated, "No further extensions will be granted."  Still, Petitioner wrote

---

[2]*Id.* § 2244(d)(2).

[3]*Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).

the Court maintaining he had not had time to complete his response.  Petitioner did not take that opportunity to at all hint of an argument for equitable tolling.

Accordingly, the current petition before the Court was filed past the one-year period of limitation.  And, neither statutory exceptions nor equitable tolling apply to save Petitioner from the period of limitation's operation.

IT IS THEREFORE ORDERED that this petition is DENIED because it is barred by the applicable period of limitation.  This case is CLOSED.

DATED this <u>28th</u> day of March, 2011.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge